UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOSEPH R. WILCOX ET AL.**                                                            **CIVIL ACTION**

**VERSUS**                                                                                           **No. 12-2389**

**MAX WELDERS, L.L.C. ET AL.**                                                       **SECTION I**

## ORDER

Before the Court is a motion[1] in limine filed by defendants, Wild Well Control, Inc. and Superior Energy Services, Inc. (collectively, "defendants"), to exclude the report and testimony of plaintiffs' expert life care planner, Stephanie P. Chalfin ("Chalfin"). Defendants have also filed a motion[2] in limine to exclude the testimony of plaintiff's treating physician, Dr. Howard T. Katz, M.D. ("Dr. Katz"). Plaintiffs, Joseph Wilcox and Lisa Wilcox, oppose the motions. This Court has carefully considered the memoranda submitted by the parties, the evidence, and the law, and it rules as follows.

Defendants first argue that Dr. Katz's anticipated testimony regarding the need for 24-hour supervision should be excluded because it was not fully set forth in an expert report. However, as a treating physician, Dr. Katz is not required to provide defendants with a formal written report to the extent that his opinions derive from information learned during actual treatment of the patient. *See Knorr v. Dillard's Store Servs., Inc.*, No. 04-3208, 2005 WL 2060905 (E.D. La. Aug. 22, 2005) (Vance, J.).

---

[1] R. Doc. No. 130.

[2] R. Doc. No. 131.

Defendants next argue that Chalfin should not be permitted to testify regarding the cost of lifelong 24-hour supervision. Chalfin's expert report is based on information provided to her by Dr. Katz. Dr. Katz initially confirmed in a declaration that the information Chalfin relied upon was accurate. *See* R. Doc. No. 142-2. Dr. Katz later acknowledged that he had stated in his declaration, "[b]eyond three to five years, I cannot state to a medical certainty whether Mr. Wilcox's level of care can be decreased." R. Doc. No. 151-5, at p. 6, Dep. at p.20. However, Dr. Katz clarified that he does not believe plaintiff would require 24-hour care for the rest of his life. *See id.* pp. 5-6. He stated in his deposition that after three to five years, he did not "think he will need 24-hour care anymore." *Id.* at p. 6, Dep. pp.18-19.

"As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996); *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."). On the other hand, Rule 702 plainly requires that expert testimony be "based on sufficient facts or data." Fed. R. Evid. 702(b).

In this case, there is no evidence that Wilcox will require lifelong 24-hour supervision. Chalfin's expert report and anticipated testimony regarding the cost of lifelong 24-hour supervision lack a sufficient basis in fact to support her expert opinion at the present time. Fed. R. Evid. 702. Additionally, in the absence of any evidentiary basis, the probative value of any expert opinion regarding the cost of lifelong 24-hour supervision is substantially outweighed by

the danger of unfair prejudice, the wasting of time, and of misleading the jury.  Fed. R. Evid. 403.

Accordingly,

**IT IS ORDERED** that the motion in limine to exclude the report and testimony of plaintiffs' expert life care planner, Stephanie P. Chalfin, is **GRANTED IN PART**.  Chalfin will not be permitted to opine as to the cost of lifelong 24-hour supervision.  Given the ongoing discovery issues and the likelihood that plaintiff will undergo additional surgery, plaintiff will be permitted to seek further clarification or reconsideration by the Court should he discover evidence that would support a finding that he requires lifelong 24-hour supervision or additional supervision following the 3-5 year period.   Other evidentiary objections relative to the duration of care will be **DEFERRED** until trial.

**IT IS FURTHER ORDERED** that the motion in limine to exclude the anticipated testimony of Dr. Katz is **DENIED**.

New Orleans, Louisiana, August 22, 2013.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**