UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH R. WILCOX ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-2389** |
| **MAX WELDERS, LLC ET AL.** | **SECTION I** |

### ORDER AND REASONS

Before the Court is a motion[1] filed by plaintiffs, Joseph R. Wilcox ("Wilcox") and Lisa Wilcox, to alter or amend the Court's August 28, 2013 order and reasons[2] pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Defendant Max Welders, LLC ("Max Welders") filed an opposition[3] to the motion, as did defendants Wild Well Control, Inc. and Superior Energy Services, Inc. (collectively, "Wild Well").[4] For the following reasons, the motion is **DENIED**.

The Court assumes familiarity with the general background of this case as set forth in the Court's August 28, 2013 order and reasons, which granted Max Welders' motion for summary judgment as to plaintiffs' claims under the Jones Act and general maritime law.[5] In that order, the Court found that plaintiffs did not demonstrate that Wilcox qualifies as a Jones Act seaman

---

[1] R. Doc. No. 194. The motion is also captioned with an alternative request for a new trial. However, no trial has occurred, and it is not scheduled to commence until April 14, 2014. *See* R. Doc. No. 213, at 3. Additionally, a motion for summary judgment filed by Wild Well has been submitted for this Court's consideration. R. Doc. No. 192. The Court makes no comment or ruling regarding that motion.
[2] R. Doc. No. 165.
[3] R. Doc. No. 201.
[4] R. Doc. No. 200.
[5] *See* R. Doc. No. 165, at 1-4.

because he does not meet one of the two "essential requirements for seaman status" as defined by the U.S. Supreme Court in *Chandris, Inc. v. Lastis*, 515 U.S. 347, 368 (1995).[6]

Plaintiffs now challenge the granting of summary judgment on the basis that the Court "failed to take into consideration [Wilcox's] relationship with his borrowing employer [Wild Well] and ignored the evidence regarding his reassignment."[7] Plaintiffs contend that the Court's August 28, 2013 order and reasons "directly contravenes the Fifth Circuit's decision" in *Roberts v. Williams-McWilliams Co.*, 648 F.2d 255 (5th Cir. 1981).[8]

A motion to alter or amend a judgment filed pursuant to Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration" pursuant to Rule 59(e). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air. Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc). "The Court must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Plaintiffs may not use a Rule 59 motion to merely revisit issues that were decided against them. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) ("[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.") (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)); *see also Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-7701,

---

[6] *Id.* at 5-15. This Court found that there was some issue of material fact as to whether Wilcox contributed to the function of a vessel or to the accomplishment of its mission. *Id.* at 6-9.
[7] R. Doc. No. 194-1, at 2.
[8] *Id.*

2008 WL 2067044, at *1 (E.D. La. May 14, 2008) (Feldman, J.) ("Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings.")

Plaintiffs, citing *Roberts*, raised the same arguments in their opposition[9] to the motion for summary judgment. Furthermore, unlike the instant motion, plaintiffs did not refer to Wilcox as the "borrowed employee" of Wild Well in their opposition.[10] Considering the "need for finality and the need to render just decisions," *Edward H. Bohlin Co.*, 6 F.3d at 355, the Court finds that plaintiffs have not "demonstrate[d] the motion is necessary to correct manifest errors of law or fact upon which the judgment is based." *Jupiter*, 1999 WL 796218, at *1. Plaintiffs have "not presented any new evidence or persuaded the Court that it made *any* errors in its [August 28, 2013] Order and Reasons, let alone the manifest errors of law or fact necessary to entitle a party to alteration or amendment of judgment under Rule 59(e)." 2008 WL 2067044, at *1 (emphasis added). Accordingly, relief pursuant to Rule 59(e) is not warranted.

For the foregoing reasons,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, October 31, 2013.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[9] R. Doc. No. 66, at 6-21.
[10] *See id.*